

**SO ORDERED.**

**SIGNED this 28 day of January, 2008.**

_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| **CHARLES EUGENE DEZIEL**<br>**RICHERE LEVERT** | 06-02035-5-ATS |
| **DEBTORS** | |
| | |
| **COMMONWEALTH LAND TITLE**<br>**INSURANCE COMPANY** | |
| | **ADVERSARY PROCEEDING NO.** |
| **Plaintiff** | |
| | **S-07-00035-5-AP** |
| v. | |
| **CHARLES EUGENE DEZIEL and**<br>**RICHERE LEVERT DEZIEL** | |
| **Defendants.** | |

**ORDER REGARDING MOTION FOR SUMMARY JUDGMENT**

The matter before the court is the plaintiff's motion for summary judgment. A hearing took place in Raleigh, North Carolina on January 24, 2008.

Charles Eugene Deziel and Richere Levert Deziel[1] filed a joint petition for relief under chapter 7 of the Bankruptcy Code on December 11, 2006. Prior to filing the petition, the Deziels were the sole shareholders, officers and directors of Kodiac Enterprises, Inc., a general contracting company. Kodiac entered a contract to sell property at 5212 Lorbacher Road, Apex, North Carolina, 27539 to Brian and Christy Darnell. In connection with the sale, Mr. Deziel, on behalf of Kodiac, signed a lien waiver representing that all subcontractors who worked on the property had been paid and that there were no subcontractors on the project owed any money. In reliance on the lien waiver, Commonwealth Land Title Insurance Company issued a title insurance policy that was required for the sale to close. In fact, there were numerous subcontractors who were owed money and who subsequently filed liens on the property, and Commonwealth was required to settle the claims and cancel the liens. Pursuant to an indemnity requirement in the lien waiver, Commonweath seeks reimbursement of its expenses incurred as a result of the subcontractors' claims.

Commonwealth filed this adversary proceeding to determine the dischargeability of the debt pursuant to 11 U.S.C. § 523(a)(2) and (a)(4). It now seeks summary judgment, contending that there are no disputed issues of material fact and judgment should be entered as a matter of law. Though the debtors were represented in their underlying bankruptcy case, they have appeared pro se in this adversary proceeding.

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3,

---

[1] The petition was filed under the names Charles Eugene Deziel and Richere Levert, with a notation that Ms. Levert is also known as Richere Deziel. At the summary judgment hearing, the debtor indicated that she prefers to be called Ms. Deziel.

1984.  This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(I), which this court may hear and determine.

>Section 523(a)(2) excepts from discharge any debt

>for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by
>>(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
>>(B) use of a statement in writing–
>>>(i) that is materially false;
>>>(ii) respecting the debtor's or an insider's financial condition;
>>>(iii) on which the creditor to whom the debtor is liable for such money, property, services or credit reasonably relied; and
>>>(iv) that the debtor cause to be made or published with intent to deceive[.]

11 U.S.C. § 523(a)(2).  Section 523(a)(4) excepts from discharge any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]"

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986).  In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party.  United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962) (per curiam).  Summary judgment is not a "disfavored procedural shortcut," but an important mechanism for filtering out "claims and defenses [that] have no factual basis." Celotex, 477 U.S. at 327, 106 S. Ct. at 2555.  "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323, 106 S. Ct. at 2552.  Summary judgment should not be granted "unless the moving party has

established his right to a judgment with such clarity as to leave no room for controversy." Portis v. Folk Constr. Co., 694 F.2d 520, 522 (8th Cir. 1982) (internal quotations omitted).

The facts are largely undisputed. Mr. Deziel admits that he signed the lien waiver knowing that there were unpaid subcontractors and that signing the lien waiver was the only way for the sale to close. He contends that he did not intend to defraud anyone, and that he had four anticipated sales that would have enabled all of the subcontractors to be paid had they all closed. In his deposition, Mr. Deziel testified that he met with each of his subcontractors and explained his financial situation, that several closings needed to occur for the subcontractors to be paid, and that if they filed liens he would not be able to complete and sell the houses necessary to pay the subcontractors. C. Diziel depo. at 15-16. Mr. Deziel also testified that he met with his lender and explained that he needed to finish all of the houses to get everyone paid. However, Mr. Deziel admitted that Commonwealth did not know that the subcontractors had not been paid, that he knew that Commonwealth was going to issue a title insurance policy, and that he knew that Commonwealth would have to pay if liens were filed. C. Deziel depo. at 16-17.

Mr. Deziel's deposition is sufficient to establish the elements of fraud. In signing the lien waiver, he stated that the subcontractors had all been paid when he knew that statement to be false. He knew that Commonwealth would rely on the lien waiver when it issued a title policy, he knew that the title policy had to be issued for the sale to close, and he intended for Commonwealth to issue the policy in reliance on the lien waiver. As a result, Commonwealth expended $40,676.70 in settling the claims and canceling the liens and since October 17, 2006, has incurred attorney's fees of $7,537.06 trying to recover the $40,676 from the Deziels under the indemnification provision. Mr. Deziel is obligated to indemnify Commonwealth for the expenses related to the settlement of

the subcontractors' claims in the amount of $40,676.70, and that debt is nondischargeable pursuant to 523(a)(2)(A).[2]  Though Commonwealth has requested its attorney's fees incurred in trying to collect from Mr. Deziel, it is not clear to the court that Commonwealth is entitled to those fees. Should Commonwealth wish to pursue those fees, it may file an application setting forth the basis for recovery of attorney's fees.

Ms. Deziel, on the other hand, was not present at the closing, did not sign the lien waiver, and apparently was uninvolved in the business other than having the title of vice president or secretary, and occasionally running errands for the company.  While Ms. Deziel might have liability under state law for corporate acts in her capacity as an officer, there is no evidence before the court that Ms. Deziel participated in fraud that would make the debt nondischargeable, nor does it appear that Ms. Deziel breached a fiduciary duty to Commonwealth.  Accordingly, Commonwealth's motion for summary judgment with respect to Ms. Deziel will be denied.  Of course, this does not end the matter because the court cannot rule as a matter of law that the debt is not excepted from discharge.  Accordingly, the trial of this matter with respect to Ms. Deziel will be scheduled by the clerk's office.

Based on the foregoing, Commonwealth's motion for summary judgment with respect to Mr. Deziel is **ALLOWED**, and the motion for summary judgment with respect to Ms. Deziel is **DENIED**.  The amount of $40,676.70 is nondischargeable with respect to Mr. Deziel pursuant to

---

[2] Though the court is entering judgment pursuant to 11 U.S.C. § 523(a)(2)(A), the debt would also be nondischargeable pursuant to § 523(a)(2)(B).

11 U.S.C. § 523(a)(2)(A).  Should Commonwealth choose to pursue its attorney's fees, it may file a separate application within 20 days of the date of this order.  Judgment will be entered accordingly.

**SO ORDERED.**

**END OF DOCUMENT**